IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID CHARLES STANION, )
)
Plaintiff, )
)
v. ) 1:16CV186
)
DISCOVER BANK, et al., )
)
Defendants. )

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on several motions: Defendant Discover Bank's ("Discover Bank") Motion to Dismiss (Docket Entry 8), Defendant Sessoms & Rogers, P.A.'s ("S&R") Motion to Dismiss (Docket Entry 16), *pro se* Plaintiff David Charles Stanion's Motion for Leave to Amend Complaint (Docket Entry 21), Plaintiff's document entitled "Motion to Deny Defendant's Motion to Dismiss" (Docket Entry 25), and Plaintiff's document entitled "Motion for Continuance to Finish Research Required to Complete Amended Complaint" (Docket Entry 26). All matters are ripe for disposition. For the reasons stated below, the Court recommends that Discover Bank's Motion to Dismiss (Docket Entry 8) be granted, S&R's Motion to Dismiss (Docket Entry 16) be granted, and Plaintiff's Motion to Amend (Docket Entry 21) be denied. Furthermore, the Court will deny Plaintiff's "Motion for Continuance to Finish Research Required to Complete Amended Complaint" (Docket Entry 26) and Plaintiff's "Motion to Deny Defendant's Motion to Dismiss." (Docket Entry 25.)

## I. BACKGROUND

On March 9, 2016, Plaintiff filed a complaint against Defendant Discover Bank, alleging "grand larceny under color of law" and "terrorism of the aged and elderly." (*See generally* Compl., Docket Entry 2.) The complaint also names Defendant Discover Bank's law firm, S&R, and Richard J. Boudreau & Associates, LLC[1] (Boudreau), alleging S&R and Boudreau "knew or should have known N.C.G.S. § 1-601 [containing guidelines in regards to the validity of certain legal advertisements] is un[c]onstitutional," and "illegally deprived debtors of their property rights under the federal laws and the U.S. Constitution," deprived debtors of constitutional due process rights under the 14th Amendment, and that Defendants "should have known that taking advantage of N.C.G.S. 1-601 to increase its wealth was tantamount to collision to grand larceny under color of law." (*Id.* at 9.) The complaint also names the State of North Carolina as a Defendant.[2] Plaintiff alleges that in December 2011, Discover Bank offered him a high risk, zero interest credit line, which Plaintiff used his home to secure.[3] (*Id.* at 3-4.) In June 2012, Plaintiff's estranged wife filed for bankruptcy, causing Plaintiff's interest rate and payment amount to increase, and making it impossible for Plaintiff to make monthly payments. (*Id.* at 6-7.) Plaintiff, a 69-year-old veteran, sought to avoid bankruptcy. (*Id.*) Plaintiff now seeks recourse against Defendants based upon what that they

---

[1] Plaintiff attempted service on Boudreau was returned unexecuted. (*See* Docket Entry 12.)
[2] Plaintiff attempted service on State of North Carolina by serving Governor Pat McCrory (*see* Docket Entry 15) which appears to be insufficient pursuant to the rules governing service. (*See* Fed. R. Civ. P. 4(j)(2); *see also* N.C. R. Civ. P. 4(j)(3) (North Carolina rule governing service upon the State)). No Answer or other response was filed by the State of North Carolina.
[3] Plaintiff's zero interest credit line was only good until December 2012. (Docket Entry 2 at 4.)

should have known about the illegal deprivation of debtor property rights in North Carolina. (*Id.* at 9-10.)

On March 29, 2016, Discover Bank moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a), contending that Plaintiff failed to sufficiently plead a claim for relief. (Docket Entry 8.) S&R also moved to dismiss pursuant to Rule 12(b)(6) on April 6, 2016. (Docket Entry 16.) Plaintiff filed his responses to Defendants' motions. (Docket Entries 23, 24.) On April 8, 2016, Plaintiff moved to amend his complaint and in his supporting brief, Plaintiff asserts that "[he] did not know that Bank of America would be involved as a parent corporation." (Docket Entry 22 at 3.) Plaintiff also filed a document entitled "Motion to Deny Defendant's Motion to Dismiss," which appears to be an additional opposition brief to Defendants' motions. (Docket Entry 25.) He further seeks additional time to conduct more research to complete his amended complaint. (Docket Entry 26.) While Discover Bank made no objection to Plaintiff's Motion to Amend (*see* Docket Entry 28 at 2), S&R does object, stating that "Plaintiff has not proposed any factual amendments that would state a claim for which relief could be granted . . . ." (Docket Entry 27 at 2-3).

## II. <u>DISCUSSION</u>

### <u>Discover Bank's Motion to Dismiss</u>

Discover Bank contends that dismissal is proper pursuant to Rule 12(b)(6) and Rule 8(a)(2). (Docket Entry 9 at 1.) A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3

(2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint

4

are true (even if doubtful in fact) . . . ." *Id.* at 555 (internal citations omitted). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not fantasy," and the court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998).

In the present case, Plaintiff's alleged claims of "grand larceny under color of law" and "terrorism of the aged and elderly" are not recognizable claims as a matter of law. Furthermore, Plaintiff failed to cite any legal authority in support of his alleged "grand larceny under color of law" and "terrorism of the aged and elderly" claims against Discover Bank. As such, these claims against Discover Bank should be dismissed. *See Ferguson v. Option One Mortg. Corp.*, No. 1:11CV670, 2012 WL 8467527, at *1 (M.D.N.C. Sept. 25, 2012) (holding that a dismissal is warranted because the *pro se* plaintiffs offered no legal authority to support their "committed dishonor in commerce" claim); *Sanders v. Country Home Loans, Inc.*, No. 3:08-cv-448-RJC, 2009 WL 929093, at *5 (W.D.N.C. Apr. 2, 2009) (finding that dismissal was proper because the claims alleged by plaintiff simply do not exist as a matter of law).

**S&R's Motion to Dismiss**

S&R contends that dismissal is proper pursuant to Rule 12(b)(6). The Court agrees with S&R's contention. Plaintiff's assertions with respect to N.C.G.S. § 1-601 are irrelevant to the facts of this case. Plaintiff makes no allegations of specific conduct attributed to the actions of S&R. The Court is left to guess which claims are being asserted because Plaintiff

5

failed to clearly identify any cause of action against S&R. *See Barnes v. Greensboro Living Ctr.*, No. 1:11CV1120, 2012 WL 2344623, at *2 (M.D.N.C. June 20, 2012) (finding that dismissal was warranted when "the [c]omplaint fail[ed] to clearly identify any discrete cause of action").

Even if the Court assumes that Plaintiff intended to assert a negligence claim by using the language of "knew or should have known" in his complaint, Plaintiff still fails to plead a plausible claim against S&R. Common-law negligence under North Carolina law requires a showing that "(1) the defendant owed the plaintiff a duty of care; (2) the defendant's conduct breached that duty; (3) the breach was the actual and proximate cause of the plaintiff's injury; and (4) damages resulted from the injury." *Parker v. Town of Erwin*, 776 S.E.2d 710, 729–30 (N.C. Ct. App. 2015) (internal quotations and citations omitted). Here, Plaintiff's complaint fails to properly allege a claim based upon general negligence principles. Additionally, "in the past North Carolina courts have placed heavy weight on public policy concerns when addressing the question of whether to allow certain lawsuits against lawyers for negligence." *Shealy v. Lunsford*, 355 F. Supp. 2d 820, 829 (M.D.N.C. 2005). As an adversary firm, S&R had no duty to protect the rights of Plaintiff. *See Petrou v. Hale*, 43 N.C. App. 655, 661, 260 S.E.2d 130, 135 (1979) ("If an attorney whose primary duty is to promote the cause of his client in a light most favorable to him within the bounds of the law is also required to protect the rights of an adverse party, he will be caught in the midst of a conflict of interest."); *Sherman v. Hicks*, 998 F.2d 1010 (4th Cir. 1993) (citing *Petrou*). Thus, Plaintiff's claims should be dismissed.

### Plaintiff's Motion to Amend

Plaintiff seeks to amend his Complaint to account for the "factual and procedural developments that were omitted from the original complaint and developments that have

6

occurred since the original complaint was filed." (Docket Entry 21 at 1.) While Discover Bank made no objection to Plaintiff's motion to amend (Docket Entry 28 at 3), S&R does oppose such motion, stating that "Plaintiff has not proposed any factual amendments that would state a claim for which relief could be granted . . . ." (Docket Entry 27 at 2-3). For the following reasons, it is recommended that Plaintiff's motion to amend be denied.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). It further states that "[t]he court should freely give leave when justice so requires." *Id.* Granting a motion to amend a complaint is within the discretion of the Court, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fourth Circuit has stated that "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010). An amended complaint is futile if it cannot withstand a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); thus, the Court may deny the motion. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (addition of negligence claim futile because case would not survive motion to dismiss). Therefore, the Court will determine if Plaintiff's amended complaint, which adds another named defendant and additional developments, can withstand a motion to dismiss.

The Court first notes that Plaintiff has failed to comply with the Local Rules. In this district, L.R. 15.1 requires Plaintiff to attach a proposed amended complaint to his motion for

the Court's consideration. Plaintiff did not comply with L.R. 15.1 by attaching an amended complaint to his motion. *See U.S. ex rel. Rostholder v. Omnicare, Inc.*, 745 F.3d 694, 703 (4th Cir. 2014) (holding that the denial to amend was proper when the party failed to comply with the local rule requiring an attached amended complaint); *Robinson v. Pepsi Bottling Group*, No. 1:13CV729, 2014 WL 2048127, at *4 (M.D.N.C. May 19, 2014) (denying plaintiff's request to amend her complaint because she did not file a proposed amended pleading with her motion). Thus, his motion should be denied.

In any event, Plaintiff's amendment would be futile. In the present case, Plaintiff seeks to add Bank of America as a new defendant because he was unaware of Bank of America's involvement in this action as Discover Bank's parent corporation. (Docket Entry 22 at 3.) The Court has already recommended dismissal on Plaintiff's alleged claims against Discover Bank because "grand larceny under color of law" and "terrorism of the aged and elderly" are not cognizable claims as a matter of law. Consequently, Plaintiff's request to add Bank of America as a new defendant will not change the fact that the alleged claims are not actionable as a matter of law. *See Hartzman v. Wells Fargo & Co.*, No. 1:14CV808, 2015 WL 1268267, at *5 (M.D.N.C. Mar. 19, 2015) (holding that the plaintiff is not allowed to add new defendants to a futile claim); *Smith v. Potter*, No. 1:09CV00587, 2010 WL 1500876, at *6 (M.D.N.C. Apr. 14, 2010) (holding that the plaintiff's attempt to amend a claim by adding additional defendants was futile and warranted a dismissal).

Furthermore, even if Bank of America is the parent corporation of Discover Bank, Plaintiff has not alleged any factual allegations such to invoke the "instrumentality rule" to hold Bank of America liable for the conduct of Discover Bank. "The instrumentality rule

states that a 'corporation which exercises actual control over another, operating the latter as a mere instrumentality or tool, is liable for the torts of the corporation thus controlled.'" *In re Barnhart*, No. 11-80030 7, 2013 WL 3779908, at *3 (Bankr. M.D.N.C. July 18, 2013) (citing *Glenn v. Wagner*, 313 N.C. 450, 454, 329 S.E.2d 326, 330 (1985)). As such, Plaintiff's motion should be denied. *See Murphy v. Allstate Corp.*, No. 1:09CV00915, 2011 WL 4499104, at *5 (M.D.N.C. Sept. 27, 2011) (finding that the plaintiff's amended complaint failed to "offer factual assertions to support the contention that [the parent company] "ratified" the actions of [defendants]"); *see also United States v. Bestfoods*, 524 U.S. 51, 52 (1998) ("It is a general principle of corporate law that a parent corporation . . . is not liable for the acts of its subsidiaries").

### Plaintiff's Remaining Motions

Plaintiff filed a document entitled, "Motion for Continuance to Finish Research required to complete Amended Complaint." (Docket Entry 26). Plaintiff's motion is essentially a motion for an extension of time; thus, it will be treated as such. Here, a granting of an extension of time requires a showing of good cause. *See* L.R. 6.1(a); Fed. R. Civ. P. 6(b). Because Plaintiff's complaint lacks sufficient facts to state any cognizable claims, Plaintiff's motion is be denied for lack of good cause. *See Adams v. Shipman*, No. 1:13CV858, 2014 WL 4924299, at *3 (M.D.N.C. Sept. 30, 2014) (finding that granting an extension would be futile when the plaintiff's claims would be dismissed pursuant to Rule 12(b)(6)).

Plaintiff also filed a document entitled "Motion to Deny Defendant's Motion to Dismiss." (Docket Entry 25.) Plaintiff's motion is essentially a response in opposition to S&R's Motion to Dismiss and will be treated as such. S&R replied contending that Plaintiff's

9

claims should be dismissed because Plaintiff failed to state any cognizable claim against S&R and that Plaintiff would not be able to cure pleading deficiency from further amendments. (Docket Entry 27.) Since the Court has already addressed these issues, Plaintiff's motion is denied.

### III. CONCLUSION

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant Discover Bank's Motion to Dismiss (Docket Entry 8) be **GRANTED**, S&R's Motion to Dismiss (Docket Entry 16) be **GRANTED**, and Plaintiff's Motion to Amend (Docket Entry 21) be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Extension of Time (Docket Entry 26) be **DENIED** and Plaintiff's "Motion to Deny Defendant's Motion to Dismiss" (Docket Entry 25) be **DENIED**.

This the 29th day of July, 2016.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge